## AMORÓS *v.* CIVIDANES.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 86.—Resuelto en abril 4, 1904.

INTERDICTOS DE RETENER Y DE RECOBRAR LA POSESIÓN—PRUEBAS.—En los interdictos de retener y de recobrar la posesión, la prueba debe versar precisa y exclusivamente sobre el derecho de estar el demandante en la posesión o en la tenencia de la cosa objeto del interdicto, y de haber sido inquietado o (*) perturbado en ella, o despojado de dicha posesión o tenencia, designando en todo caso el autor de la perturbación o del despojo, sin cuyos requisitos no es posible estimar con lugar el interdicto.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de Humacao sobre interdicto de recobrar la posesión de unos terrenos, entre partes de la una, como demandante Don Pedro Amorós, representado y dirigido en esta superioridad, primero por el Abogado Don Miguel Zavaleta y después por el de la misma clase Don Juan Ramón Ramos, y de la otra, como demandado Don Manuel Cividanes, representado y dirigido por su abogado defensor Don Luciano Ortiz Antón: autos pendientes ante nos a virtud del recurso de apelación interpuesto por la representación del demandante contra la sentencia pronunciada por el referido tribunal de distrito, que copiada a la letra dice así:

"*Sentencia*. En la ciudad de Humacao a 4 de abril de 1903. *Vistos* en juicio oral y público este pleito sobre interdicto de recobrar la posesión de unos terrenos seguido entre partes de la una Don Pedro Amorós, representado por el Letrado Don Miguel Zavaleta, demandante, y de la otra Don Manuel Cividanes, representado por el Letrado Don Luciano Ortiz Antón, demandado.

"*Resultando:* que el Letrado Don Miguel Zavaleta a nombre y representación de Don Pedro Amorós, con fecha 9 de marzo del año corriente, presentó escrito a este tribunal, consignando que su representado es dueño de la hacienda 'Cayures,' en cuyas tierras se comprenden unas seis o siete cuerdas de palmar con pastos, cultivados; que la referida hacienda 'Cayures' ha estado siempre en posesión de dicho palmar utilizando sus frutos y pastos, habiéndole adquirido su representado como parte integrante del fundo, de la misma manera que lo adquirieron sus causantes, los Señores Amorós Hermanos de Don Severiano Virella con el detalle significativo de haber sido el nominado Don Mateo Amorós quien hizo la última plantación de cocotero; que Don Manuel Cividanes que administra y rige la contigua hacienda 'Mercedes,' la cual, por más señas carece de palmar, a principios de diciembre del año pasado puso o mejor mandó levantar (\*) una empalizada que encierra, como si perteneciera a la hacienda que dirige, una cuerda y 20 céntimos de otra, conteniendo cabalmente parte de las palmeras más viejas y gran número de las arraigadas en la insinuada plantación de Don Mateo; que el despojante procede con notoria malicia, supuesto que ya anteriormente intentó poner tal empalizada y requerido la mandó quitar y ahora al reincidir en el despojo, pretexta que la enclava provisionalmente, mientras se deslinda con la 'Reunión' y 'Cayures,' a no dudar en la halagüeña esperanza de que permaneciendo el dueño perjudicado en Europa, transcurre el año y un día, y después de aducir como fundamentos de derecho la adquisición de la posesión por título de dominio, el artículo 448 del Código Civil revisado, la competencia del tribunal determinada por la radicación del inmueble, la sección 2ª. del título segundo de la Ley de Enjuiciamiento Civil y el artículo 1656 de la misma, terminó ofreciendo la información testifical, previos los capítulos que al efecto formuló y suplicando al tribunal que admitida la demanda y practicada la información ofrecida ordenara la celebración del juicio, y a su tiempo declarar con lugar el interdicto, mandando reponer a su representado en la posesión del terreno ameritado,

condenando a Don Manuel Cividanes en costas, daños, perjuicios y devolución de frutos, requerido con el apercibimiento procedente.

"*Resultando:* que admitida la demanda formulada por providencia del mismo día de su presentación, se mandó practicar la información ofrecida para ello y se libró carta orden al Juez Municipal de Guayama, habiéndose llevado a cabo la referida información mediante los testigos Don Arturo Cintrón Rivera, Don Natividad Cintrón Soto, Don Pedro Díaz Rodríguez y Don Guillermo Morales Lugo todos mayores de edad, vecinos de Guayama, casados el primero, segundo y cuarto, viudo el tercero, comerciante los dos primeros, propietario el segundo e industrial el cuarto, todos sin tacha legal, quienes examinados bajo juramento manifestaron constarles de ciencia propia los hechos consignados en el interrogatorio propuesto: 1. Ser cierto que Don Pedro Amorós desde que adquirió la hacienda 'Cayures' venía poseyendo, cultivando y utilizando los frutos y pastos de un palmar de seis o siete cuerdas, lindantes por el norte y oeste, con la hacienda 'Reunión,' por el sur con la zona marítima y el barrio de las Mareas y por el este con la hacienda 'Mercedes.' 2. Que el palmar descrito lo poseyeron antes sus causantes los Señores Amorós Hermanos como su antecesor Don Severiano Virella Cassagues y su padre, todos los cuales atendieron a su plantación y cultivo, utilizando sus frutos y (*) pastos, habiéndose conocido siempre como parte integrante de la 'Cayures' y teniendo con la 'Mercedes' la misma guardarraya, cuyos puntos conocen y suponen existan aún. 3. Que en los primeros días de diciembre del año pasado los jornaleros o trabajadores de la repetida hacienda 'Mercedes,' por orden de Don Manuel Cividanes, que es allí quien todo lo dispone y presencia, levantaron una empalizada con la cual privó a la hacienda 'Cayures' de más de una cuerda del palmar de que se trata, en parte sembrado por Don Mateo Amorós, socio gestor de Amorós Hermanos.

"*Resultando:* que con el resultado de la información practicada se convocó a las partes para que el día de 26 de marzo último a las diez de la mañana comparecieran ante el tribunal para celebrar el oportuno juicio verbal, y previa citación del demandado Don Manuel Cividanes tuvo efecto aquél en el día indicado con la concurrencia del letrado del actor, quien reprodujo la demanda solicitando que previa la prueba que propondría, se declarara con lugar el interdicto, y del Licenciado Don Luciano Ortiz Antón en representación del demandado Don Manuel Cividanes, quien manifestó que su defendido estaba dispuesto a levantar la cerca que había puesto en los terre-

nos de la hacienda 'Cayures' pero reservándose el derecho de recla-
mar contra el demandante Amorós, porque dicha cerca fué puesta con
el consentimiento del mismo, negando que existiera el despojo y ofre-
ciendo prueba para justificar los hechos alegados, ofreciendo el de-
mandante como suya el plano de la hacienda 'Cayures,' una certi-
ficación de mensura de la misma, la de testigos y la de inspección
ocular y el demandado propuso la testifical consistente del examen
de los testigos Don Jesús María Banc, Tomás Cintrón Cordero, San-
tiago Cintrón Cordero, Justo Dávila Figueroa y Don Manuel Texidor.

"*Resultando:* que declarada pertinente la prueba testifical y do-
cumental propuesta por ambas partes y habiéndose reservado el Tri-
bunal resolver sobre la pericial, fueron examinados los testigos del
demandante Don Gregorio Ortiz Santiago, quien manifestó que en
el tiempo que estuvo en la hacienda 'Mercedes' había una empalizada
entre dicha hacienda y la 'Cayures' en la línea recta hasta el mar·
y lo demás quedaba de parte de la 'Cayures,' manifestando que hace
dos años era mayordomo de Cividanes; Don Avelino Quirindongo
y Cintrón, quien declaró que el palmar que existe entre la 'Merce-
des' y la 'Cayures' siempre lo ha·tenido como de la hacienda 'Cayu-
res'; (*) que hace un par de meses que ha visto una cerca puesta
en los terrenos de dicho palmar; que dicha cerca está colocada de
sur a norte; que no sabe si ha sido puesta o nó con la aquiescencia
del representante de la 'Cayures;' Don Juan Pablo Vega y Díaz,
quien manifestó que el pedazo de terreno que se encuentra cercado
entre la hacienda 'Mercedes' y la 'Cayures,' lo ha tenido como pro-
piedad de la 'Cayures;' que el cierre ha sido puesto hace poco tiempo;
que la parte que ocupa esa empalizada corresponde a la 'Cayures'
y que por una parte de dicha empalizada se puede pasar a la 'Cayu-
res;' Eustasio Cintrón, quien manifestó que el terreno del palmar
pertenece a la 'Cayures;' que un trozo del mismo ha quedado cerrado
por una empalizada que ha puesto el Sr. Cividanes, quedando la
misma de parte de la hacienda 'Mercedes,' y que el referido pedazo
de terreno no está cercado todo, pues hay un sitio por donde se puede
entrar al mismo que es el paso a la hacienda 'Reunión;' Concepción
Ayala y Marcano que manifestó: que la hacienda 'Cayures' culti-
vaba como suyo el terreno del palmar y que ha visto una empalizada
que divide dichos terrenos de la hacienda 'Mercedes,' quedando los
terrenos del palmar de parte de la 'Mercedes,' pudiéndose entrar
por dicha empalizada a la referida hacienda 'Mercedes;' Guillermo
Morales Lugo, que manifestó que el terreno de pastos que hay entre

la 'Mercedes' y 'Cayures' pertenece a esta última; que ha visto una empalizada en esos terrenos; que por consecuencia de la cerca, los terrenos quedan de parte de la 'Mercedes' y que no ha recorrido esa cerca, pero que al pasar la ha visto de sur a norte; Pedro Díaz Ortiz, quien dijo que entre la 'Cayures' y la 'Mercedes' hay un terreno de pastos que hace muchos años lo conoce como de la 'Cayures;' que ha visto una empalizada en dicho terreno quedando el mismo de parte de la 'Mercedes' por consecuencia de esa empalizada; que desde el ciclón no ha pasado por esos terrenos y que desde lejos ha visto un pedazo de cerca; Arturo Cintrón Rivera, que se produjo en el sentido de que ha visto siempre como de 'Cayures' los terrenos de pastos de que se trata; que ha visto una cerca en dichos terrenos quedando éstos por consecuencia de la misma de parte de la hacienda 'Mercedes' y que no ha recorrido dicha cerca; Natividad Cintrón y Soto, quien manifestó que entre la hacienda 'Cayures' y la 'Mercedes' hay un terreno sembrado de palmeras que siempre ha tenido como de la 'Cayures;' que en esos terrenos hay puesta una cerca quedando los mismos de parte de la 'Mercedes' y que no ha recorrido la cerca, habiéndola visto sólo de lejos. (*)

"*Resultando:* que al elevar la prueba testifical propuesta por el demandado comparecieron los testigos Tomás Cintrón y Cordero, quien manifestó que por el mes de diciembre, fué avisado para que en unión de dos peones más fuera a poner una empalizada en los terrenos de la hacienda 'Mercedes' y la 'Cayures' y habiendo comenzado a colocarla Don Miguel Alemani y dos mayordomos de la 'Reunión' y 'Cayures' les mandaron suspender el trabajo; que al poco rato llegó Don Manuel Cividanes con dos de sus mayordomos y convino con el Sr. Alemani en suspender la colocación de la cerca, hasta que el agrimensor practicara el deslinde de las dos fincas y que si transcurrida una semana el deslinde no se había hecho, podrá Cividanes colocar la cerca que pretendía provisionalmente; que transcurridas cerca de dos semanas, el declarante y los otros dos peones colocaron dicha cerca, siendo vistos durante los días en que trabajaban por Don Miguel Alemani y los dos mayordomos de las haciendas 'Reunión' y 'Cayures,' quienes nada dijeron en contra de la colocación de la cerca; Justo Dávila y Figueroa, quien se produjo en los mismos términos que el anterior; Don Jesús María Banc, mayordomo del Sr. Cividanes, que declaró lo mismo que los otros, habiéndose abstenido el Licenciado Sr. Zavaletas de repreguntar a los testigos de la parte contraria.

"*Resultando:* que el tribunal resolviendo acerca de la prueba de inspección ocular propuesta por el actor, acordó no admitirla por no ser de las que la ley establece en los interdictos, estimándola por otra parte innecesaria con vista del artículo 340 de la ley; que el letrado del actor protestó de la admisión de la prueba testifical propuesta por el demandado, practicada en el acto del juicio, después de lo cual informaron los defensores de las partes acerca de los derechos de éstas, solicitando el actor se declarara con lugar el interdicto y el demandado que se declarase sin lugar con las costas al actor; después de lo cual se dió por terminado el juicio para sentencia, señalándose para la votación del fallo el día cuatro del corriente, habiendo tenido lugar dicha votación el día expresado.

"*Resultando:* que en la tramitación de este juicio se han observado las formalidades legales.

"Siendo Ponente el Juez Asociado Sr. Charles E. Foote.

"*Considerando:* que si bien de la información preliminar practicada resulta que el actor se vió inquietado en la posesión del terreno objeto de este litigio, tal hecho se hizo con el consentimiento de los representantes (*) del demandado, según la prueba ofrecida por éste y practicada en el acto del juicio oral.

"*Considerando:* que ocurrido el hecho alegado por el actor bajo las circunstancias en que tuvo lugar, no puede estimarse como suficiente para apoyar en él el ejercicio de la acción de interdicto deducida por el actor, ya que no cabe la existencia de perturbación o el despojo, cuando el hecho que se afirma dió origen a la misma ha sido consentida por la parte reclamante.

"*Considerando:* que las costas deben imponerse al litigante, cuyas pretensiones fueron totalmente desestimadas.

"*Vistas* las disposiciones legales de pertinente aplicación.

"*Fallamos:* que debemos declarar y declaramos no haber lugar al interdicto de recobrar la posesión de los terrenos expresados, instado por Don Pedro Amorós, a quien se condena al pago de las costas.

"Publíquese esta sentencia y notifíquese a las partes.

"Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, José R. Aponte, Charles E. Foote."

*Resultando:* que contra esta sentencia se interpuso por la representación del demandante Don Pedro Amorós recurso de apelación que le fué admitido libremente y en ambos efectos, y que elevados los autos a esta superioridad con citación

y emplazamiento de las partes y personadas éstas, se dió al recurso la tramitación correspondiente y se señaló día para la vista, a cuyo acto concurrieron los abogados defensores de las partes.

Abogados del apelante: *Sres. M. Zavaletas* y *Juan R. Ramos.*

Abogado del apelado: *Sr. L. Ortiz.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando:* que con arreglo al artículo 1654 de la Ley de Enjuiciamiento Civil la prueba en los interdictos de retener y recobrar la posesión, debe versar precisa y exclusivamente sobre los dos extremos a que se refiere el artículo 1650 de la propia ley, es decir, sobre el hecho de estar el demandante en (*) la posesión o en la tenencia de la cosa objeto del interdicto, y de haber sido inquietado o perturbado en ella, o despojado de dicha posesión o tenencia, designando en todo caso el autor de la perturbación o del despojo; y que examinada la prueba testifical producida por el actor en el acto del juicio verbal, todos los testigos se han limitado a declarar que el palmar de que se trata lo han considerado siempre como de la hacienda "Cayures," pero no concreta ni determinadamente como la ley lo requiere, que el demandante Don Pedro Amorós estuviera en la posesión o en la tenencia de dicho palmar; de donde se deduce que la prueba practicada en el juicio, y ofrecida por el demandante, no acredita los dos extremos esenciales para que pueda estimarse con lugar el interdicto de despojo.

*Vistos* los artículos 1649, 1650 y 1654 de la Ley de Enjuiciamente Civil y las secciones 63 y 72 de la Orden General No. 118 de 10 de agosto de 1899.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante Don Pedro Amorós.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista en este caso.